IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANNABI, § | | |
| Petitioner, § | | |
| § | | |
| V. § | | Civil Action No. 4:20-CV-927-O |
| § | | |
| ERIC D. WILSON, Warden, § | | |
| FMC-Fort Worth, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Michael Annabi, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a term of 56 months' imprisonment for his 2018 convictions in the United States District Court for the Western District of Texas for conspiracy to commit bank fraud and wire fraud. Resp't's App. 4. In this petition, Petitioner challenges a disciplinary proceeding conducted at FMC-Fort Worth and the resultant loss of various privileges and good time. Pet. 2, ECF No. 1.[1]

On May 11, 2019, Petitioner was charged in Incident Report # 3255485 with refusing to provide a urine sample, a code 110 violation. Resp't's App. 6–7, ECF No. 8. The incident report alleged that

> [a]t approximately 7:10 pm, Inmate Annabi, Michael, Reg. No. 90485-111, was verbally informed he needed to provide a Urine Sample. At 9:10 pm, Inmate Annabi

---

[1] The pagination in the ECF header is used.

> was instructed to provide a urine sample. Inmate Annabi was provided a Urine cup and given to 9:15 pm to provide a sample. Inmate Annabi told me he was trying but couldn't provide a urine sample. Inmate Annabi was given 6 chances to provide a sample and he failed to provide one drop of urine in the cup even though he was provided eight ounces of water during the two hour and five minutes which is five additional minutes that is required by policy. Health Services was contacted to review inmate Annabi medical record and saw no health concerns in his file that would prevent him from from [sic] providing a urine sample within a two hour period.

*Id.* at 6. Attached to the Incident Report was the memorandum of L. Oyi, a staff nurse, stating (any spelling, punctuation, and/or grammatical errors are in the original):

> On May 11, 2019, at approximately 9:15 pm, staff contacted me regarding inmate Annabi, Michael, Reg. No. 90485-111, having any medical concerns that would prohibit him from proving a urine sample in a two-hour period, contacted me. I reviewed Annabi medical record and saw no health condition/concerns that would prevent him from providing a urine sample in the two-hour period.

*Id.* at 8.

During the investigation into the incident, Petitioner gave a statement to the investigating officer that "I could not urinate because I need to take my water pills." *Id.* at 7. At the conclusion of the investigation, Petitioner was given advance notice of the charges, was advised of his rights, and attended a disciplinary hearing on June 3, 2019. *Id.* at 6, 9–12. During the hearing, Petitioner waived his rights to have staff representation and to call witnesses and refused to either admit or deny the charges but did give a statement that his failure to provide a sample was "Not because I was refusing. I couldn't go." *Id.* at 9–10. Petitioner did not have any documentary evidence to present at the hearing. *Id.* at 10.The DHO based his decision on the "greater weight of the evidence," including Petitioner's statement, the Incident Report and Investigation, the Federal Bureau of Prisons Chain of Custody Form, dated May 11, 2019, and the staff memorandum. *Id.* Also during the hearing, the DHO contacted Health Services staff to "double check" Petitioner's medical record

2

to determine whether he had a medical history or any prescriptions that would have prevented him from providing a urine sample. *Id.* Health Services staff confirmed that Petitioner did not. *Id.* Based on the evidence, the DHO found that Petitioner committed the violation and imposed sanctions, which included the loss of 41 days of good time and 60 days' restriction on commissary and e-mail privileges. *Id.* Petitioner received a copy of the DHO report on August 13, 2019. *Id.*

Petitioner appealed the DHO's finding, asserting that he was denied his "prescribed medications that help him to pass urine" and that the reporting officer made a false statement that Petitioner did not provide "one drop of urine" when he did "provide some urine twice." Pet'r's Mem., Ex. 3, ECF No. 2. In denying the appeal, the National Inmate Appeals Administrator gave the following explanation:

> You appeal the June 3, 2019, decision of the Disciplinary Hearing Officer (DHO) regarding incident report #3255489, in which you were found to have committed the prohibited act of Code 110, Refusing to Provide a Urine Sample. You contend you were denied the prescription medications that help you pass urine as you take other medications that make it difficult for you to pass urine. You allege the incident report contains false statement as you did provide some urine. For relief, you request the incident report be expunged and to have your sanctions reversed.
>
> Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, and we concur with the response provided by the Regional Director. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. A memorandum provided by a Health Services staff member stated after a review of your medical record, no health condition/concerns were found that would prevent you from providing a urine sample within the two hour period. We find the determination of the DHO is reasonable and supported by the evidence. Other than your general statement, we find no evidence to support your allegations the incident report contains false statements by the report writer. Your Due Process rights were upheld during the discipline process. The sanctions imposed in this disciplinary proceeding were commensurate to the severity level of the offense committed and in compliance with policy.

*Id.*

3

## II. ISSUES

In four grounds for relief, Petitioner asserts that

(1) he was not provided an opportunity to present documentary evidence—*i.e.,* medical documentation to prove his allegation that he has medical conditions, including water retention, that make it extremely difficult for him to urinate, especially in the evenings/nights, for which he takes medication(s);

(2) the "Disciplinary Committee were arbitary and capricious or an abuse of discretion" because the DHO "hearing did not satisfy due process requirements due the evidence they used did not support decision at the prison disciplinary board to revoke good time credits";

(3) the "sanctions [were] imposed in [a] capricious and retaliatory manner" because he was "refused medications that [he] takes to urinate"; and

(4) "minimum procedures appropriate under the circumstances and required by the due process clause [were] violated" because he was not given the opportunity to present documentary evidence and he was "prejudiced for not giving medications or looking into medical issues."

Pet. 6–7. Petitioner seeks to have the incident report expunged and his good time restored. *Id.* at 7.

## III. DISCUSSION

In the context of a prison disciplinary proceeding resulting in the loss of good-time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974). "Some evidence" in support of the DHO's decision is all that is required. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004). A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455.

It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A federal court may act only where arbitrary or capricious action is shown–*i.e.,* "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994).

The record is clear that Petitioner received all the process he was due under *Wolff*. Contrary to his assertion, Petitioner was afforded an opportunity to present documentary evidence but had none to present at the hearing. Resp't's App. 10, ECF No. 8. Also contrary to his assertion, both the reporting officer and the DHO personally inquired with medical staff as to any "medical issues" that would have prevented Petitioner from providing a sample and were assured that there were none. Further, there is nothing whatsoever in the record suggesting that the DHO acted arbitrarily, capriciously, or in a retaliatory manner in making his determination or assessing Petitioner's sanctions, which are in compliance with BOP policy.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 1st day of February, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

5